(79 Misc. Rep. 258.)

### ELLIOTT v. BANK FOR SAVINGS et al.

(Supreme Court, Appellate Term, First Department.　February 7, 1913.)

1. WITNESSES (§ 159*)—TRANSACTIONS WITH DECEASED PERSONS—COMPETENCY.
   Plaintiff, suing a bank and the administrator of a deceased depositor to ·recover the deposit as a gift causa mortis, is not competent to testify to the transaction with decedent in which the latter gave to plaintiff the bank book representing the deposit.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 664, 666–669, 671–682;　Dec. Dig. § 159.*]

2. GIFTS (§ 82*)—CAUSA MORTIS—EVIDENCE—SUFFICIENCY.
   A gift causa mortis of a bank deposit is not established by the testimony of a third person that she witnessed the transaction between decedent and the donee, but did not notice the bank book which was delivered by decedent to the donee, and did not know whether it was the one sued on.

   [Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 154, 155;　Dec. Dig. § 82.*]

3. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION.
   Under Municipal Court Act (Laws 1902, c. 580) § 42, subd. 2, providing that any person may be made a defendant who has an interest in the controversy, adverse to plaintiff, and section 187, authorizing a defendant to apply for an order directing the bringing into court of a third person as a codefendant, the Municipal Court has jurisdiction of an action by a donee of a bank deposit, claimed as a gift causa mortis, against the bank and the administrator of the deceased donor;　the latter being properly joined for the determination of his rights.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468;　Dec. Dig. § 188.*]

4. COURTS (§ 189*)—EFFECT—JURISDICTION ACQUIRED.
   Where one made a defendant in the Municipal Court appeared generally by attorney, the court had jurisdiction to retain him as a party and determine his claim, as against the objection relating to the manner of bringing him into court.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412;　Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Sarah E. Elliott against the Bank for Savings and William J. Doherty, as administrator.　From a judgment of the Municipal Court for plaintiff, defendants appeal.　Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Strong & Cadwalader, of New York City (Russell Wolfe, of New York City, of counsel), for appellant Bank for Savings.

James F. Donnelly, of New York City (T. J. Flynn, of Brooklyn, of counsel), for appellant Doherty..

Bennett E. Siegelstein, of New York City, for respondent.

PAGE, J.   The action is brought to recover from the defendant bank a deposit of $500, claimed by the plaintiff as a gift mortis causa from her deceased sister.   William J. Doherty, as administrator of the sister's estate, was made a party defendant.   No money judgment was demanded against him, but he appeared and defended, and the formal judgment entered contains an adjudication that the money on deposit in the bank is no part of the decedent's estate and the administrator has no bona fide claim against it.   ·

[1] In the course of the trial the plaintiff was permitted to testify to conversations and transactions had with the deceased.   On motion the testimony as to conversations was stricken out, but that as to the personal transactions allowed to remain, over the objections of counsel.   An exception was duly taken.   They include the very transaction in which the deceased is alleged to have given the bank book, representing the deposit sued for, to the plaintiff.   This testimony was improperly received.   Griswold v. Hart, 205 N. Y. 384, 98 N. E. 918;   Clift v. Moses, 112 N. Y. 426, 20 N. E. 392;   Richardson v. Emmett, 170 N. Y. 412, 63 N. E. 440.

[2] The only other evidence to substantiate the plaintiff's claim is the testimony of Catherine Hannah, an aunt of the plaintiff, who says that she witnessed the transaction; but she admits that she did not notice the bank book which was delivered by the deceased to the plaintiff, and did not know whether it was the one sued upon or not. · Without the plaintiff's testimony, there was no evidence to identify the subject-matter of the gift.   The judgment must therefore be reversed.

[3] As the case must be retried, it is necessary to pass upon the further claim of the appellants that the Municipal Court had no jurisdiction to entertain the action in the form in which it was brought. We are of opinion that there is no merit in this contention.   The action is merely one at law to recover a sum of money.   By section 42, subd. 2, of the Municipal Court Act (Laws 1902, c. 580):

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party defendant for the complete determination or settlement of a question involved therein. * * *"

It was proper practice, therefore, to join the administrator as a defendant and determine his rights.   Furthermore, by section 187 of the Municipal Court Act, the bank, if sued alone, could have brought in the administrator as a party and interpleaded him with the plaintiff.   In this case the plaintiff foresaw this contingency, and to save time joined the administrator as an original party.   At the trial the plaintiff offered to discontinue as to the administrator; but on demand

of the bank he was retained as a party, after which he presented his case to the court.

[4] The pleadings were oral, so the objection only related to the manner of bringing him into court. As he appeared generally by attorney, the court had ample jurisdiction on that ground alone to retain him as a party and determine his claim.

The judgment appealed from is reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.

